IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 4:16-cv-01141 |
| v. | ) ) | |
| KATHLEEN LANGFORD, GARY LANE, as Personal Representative of the Estate of Bobby Lane, Deceased, SANDY THOMAS, KRISSIE EDWARDS, STEPHANIE DAVIS, LISA RILEY, MICHAEL THOMAS, KARI McNIEL, TIMOTHY COLEMAN, and MORGAN KING, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT IN INTERPLEADER**

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by through

and counsel, and for its Complaint in Interpleader states:

**PARTIES**

1.      Interpleader Plaintiff MetLife is a corporation organized under the laws of the

state of New York, with its principal place of business in New York, New York.  It is licensed to

do business in the State of Missouri.

2.      Upon information and belief, Defendant Kathleen Langford, formerly known as

Kathleen Spencer, is the daughter of Janet Lane (the "Decedent"), and she resides in Livingston,

Texas and is a citizen of the State of Texas.

3.      Upon information and belief, Defendant Gary Lane is the personal representative

of the Estate of Bobby Lane, the Decedent's husband, who survived the Decedent but died on

1

June 25, 2016. Bobby Lane resided in Belton, Missouri and was a citizen of the State of Missouri.

4. Upon information and belief, Defendant Sandy Thomas is a daughter-in-law of the Decedent, and she resides in Clarksburg, Missouri and is a citizen of the State of Missouri.

5. Upon information and belief, Defendant Krissie Edwards is a granddaughter of the Decedent, and she resides in Belton, Missouri and is a citizen of the State of Missouri.

6. Upon information and belief, Defendant Stephanie Davis is a granddaughter of the Decedent, and she resides in Belton, Missouri and is a citizen of the State of Missouri.

7. Upon information and belief, Defendant Lisa Riley is a granddaughter of the Decedent, and she resides in Oak Grove, Missouri and is a citizen of the State of Missouri.

8. Upon information and belief, Defendant Morgan King is a granddaughter of the Decedent, and she resides in Osage Beach, Missouri and is a citizen of the State of Missouri.

9. Upon information and belief, Defendant Kari McNiel is a granddaughter of the Decedent, and she resides in Livingston, Texas and is a citizen of the State of Texas.

10. Upon information and belief, Defendant Timothy Coleman is a grandson of the Decedent, and he resides in Belton, Missouri and is a citizen of the State of Missouri.

11. Upon information and belief, Defendant Michael Thomas is a grandson of the Decedent, and he resides in Shawnee, Kansas and is a citizen of the State of Kansas.

**JURISDICTION AND VENUE**

12. This Court has original jurisdiction of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 *et seq.* Further, this is an Interpleader action pursuant to 28 U.S.C. § 1335.

13. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1397 in that one or more of the defendants, the adverse claimants, reside in this judicial district.

<u>**CAUSE OF ACTION IN INTERPLEADER**</u>

14. The Decedent, a former employee of Alcatel-Lucent ("Alcatel-Lucent"), had Basic Life Insurance coverage under Alcatel-Lucent's Group Life Insurance Plan (the "Plan"), an ERISA-regulated retiree welfare benefit plan sponsored by Alcatel-Lucent and funded by a group life insurance policy issued by MetLife. A true and correct copy of the Summary Plan Description is attached hereto as Exhibit A.

15. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

16. ERISA defines a beneficiary as a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. 29 U.S.C. § 1002(8).

17. The Plan provides:

**Naming a Beneficiary**

After your retirement, the **beneficiary(ies)** for your basic and supplementary life insurance coverage are the same as those designated while you were actively employed.

**Who Can I Name as a Beneficiary?**

You may name one or more individuals as your **beneficiary(ies)**, or you may designate almost any organization, a trust or your estate. Your beneficiary designation becomes effective upon receipt of the properly completed form, even if you are not alive when the **insurer** receives the form. If you name more than one beneficiary, be sure to indicate the share payable to each one. If you don't indicate this, your beneficiaries will share equally.

Generally, death benefits are paid to your **primary beneficiary(ies)**. If none of your primary **beneficiaries** are you living when you die, payment will be made in equal shares to your **contingent beneficiaries**, unless you indicate otherwise. If none of your beneficiaries are living when you die or you did not designate a

3

beneficiary, payment will be made to your next surviving relative(s) and considered in this order:  Your **spouse** or **domestic partner**, your **children**, your **parents**, or your **brother** and **sister**; provided, however, that the **insurer** may pay all or part of such amount to your estate.

* * * * *

**How to Change Your Beneficiary**

You may change your beneficiary at any time, unless you assign your benefits. You do not need the consent of the beneficiary to make a change.  To change your beneficiary, contact the **insurer** (see **Section J. Important Contact**) for the appropriate form.  After you complete the form, return it to the **insurer**.  Your change takes effect on the date you signed it, even if you are not alive when the **insurer** receives the form.

See Exhibit at pp. 5-6.

18.     On or about March 26, 1992, the Decedent executed a beneficiary designation form, designating as her beneficiaries:  her daughter, Kathleen Spencer, now known as Kathleen Langford, to received 33.33% of the benefits under the Plan; her son, Kenneth W. Thomas, to receive 33.33% of the benefits; and her daughter, Kimberly K. Coleman, to receive 33.34% of the benefits under the Plan.  A true and correct copy of the March 26, 1992 beneficiary designation form is attached hereto as Exhibit B.

19.     Upon information and belief, Kenneth W. Thomas predeceased the Decedent on or about February 22, 2010, and Kimberly K. Coleman predeceased the Decedent on or about July 9, 2011.

20.     In 2011 and 2012, the Decedent executed four beneficiary designation forms, each of which was rejected by MetLife for deficiencies, including alterations to the form.  With each rejection letter, MetLife provided a new beneficiary designation form and advised the Decedent that she could contact MetLife with any questions.

4

21. On or about May 4, 2015, the Decedent executed a beneficiary designation form, a true and correct copy of which is attached hereto as Exhibit C.

22. MetLife rejected the May 4, 2015 beneficiary designation form, because the sum of the primary beneficiary share percentages did not equal 100%. A true and correct copy of MetLife's May 12, 2015 letter is attached hereto as Exhibit D.

23. By letter dated August 24, 2015, Jo Ann Mosby informed MetLife that the Decedent was in hospice care and enclosed a beneficiary designation form signed by the Decedent and dated April 19, 2015. A true and correct copy of the letter and April 19, 2015 beneficiary designation form is attached hereto as Exhibit E.

24. By letter dated September 10, 2015, MetLife rejected the April 19, 2015 beneficiary designation form because not all pages of the beneficiary had been returned. MetLife also advised that the beneficiary designation form must be signed by the insured. A true and correct copy of the September 10, 2015 rejection letter is attached hereto as Exhibit F.

25. By letter dated September 21, 2015, a true and copy of which is attached hereto as Exhibit G, MetLife again rejected the April 19, 2015 beneficiary designation form because not all the pages of the form had been returned and the signature page of the form returned to MetLife was not part of the beneficiary designation form. MetLife enclosed another beneficiary designation form to be completed.

26. The Decedent died on September 21, 2015. A true and correct copy of the death certificate is attached hereto as Exhibit H.

27. After the Decedent's death, MetLife received a claim form, dated December 5, 2015 and signed by David L. Mosby, who had been designated in the Decedent's will as the personal representative of her estate. With the claim, Mr. Mosby enclosed a letter, requesting

5

that MetLife accept the April 19, 2015 beneficiary designation form, and an affidavit from Betty Poulsen, whose name appears as witness on the April 19, 2015 beneficiary designation form, as well as a copy of the Decedent's will, appointing him as personal representative. A true and correct copy of the claim form dated December 5, 2015, with enclosures, is attached hereto as Exhibit I.

28. Upon information and belief, no estate was opened for the Decedent.

29. At the time of her death, the Decedent was enrolled under the Plan for Basic Life Insurance in the amount of $20,000 (the "Plan Benefits").

30. MetLife cannot determine whether a court would find that MetLife should have accepted the April 19, 2015 beneficiary designation form, despite the fact that the signature page was different from the rest of the form, given that the beneficiary designation form, rejected the same day the Decedent died, was signed, dated and witnessed and the witness provided an affidavit, or whether a court would find that the April 19, 2015 beneficiary designation form was properly rejected and that the Plan Benefits should be distributed in accordance with the March 26, 1992 beneficiary designation form.

31. By letter dated July 13, 2016, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself and the Plan to the danger of double liability. MetLife gave the Defendants an opportunity to try to resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. A true and correct copy of the July 13, 2016 letter is attached hereto as Exhibit J.

32. Because Kathleen Langford, f/k/a Kathleen Spencer, was designated as beneficiary of 33.33% of the Plan Benefits under the April 19, 2015 beneficiary designation form

6

and was designated as beneficiary of 33.33% of the Plan Benefits under the March 26, 1992 beneficiary designation form, MetLife paid the uncontested amount of $6,600, representing 33% of the Plan Benefits, with applicable interest thereon, to Defendant Kathleen Langford on or about July 22, 2016.

33.     If the Court were to determine that the April 19, 2015 beneficiary designation form was valid and should have been accepted by MetLife, the Remaining Plan Benefits of $13,400 (the "Remaining Plan Benefits") would be payable as follows, in accordance with the percentages listed in the April 19, 2015 beneficiary designation form:

| | |
|---|---|
| Gary Lane, as personal representative of the Estate of Bobby Lane | $2,600 |
| Sandy Thomas | $1,200 |
| Krissie Edwards | $1,200 |
| Stephanie Davis | $1,200 |
| Lisa Riley | $1,200 |
| Michael Thomas | $1,200 |
| Kari McNiel | $1,200 |
| Timothy Coleman | $1,800 |
| Morgan King | $1,800 |

34.     If the Court were to determine that the April 19, 2015 beneficiary designation form was properly rejected by MetLife, the Plan Benefits would be payable based on the March 26, 1992 beneficiary designation form, naming Kathleen Langford, f/k/a Kathleen Spencer, as the beneficiary of 33.33% and naming the Decedent's two predeceased children for the remaining 66.67%. Pursuant to the Plan's provisions, the 66.67% designated for the Decedent's two predeceased children would be payable to the Decedent's spouse, Bobby Lane, who

7

survived the Decedent but died on June 25, 2016. If the Court determines that the remaining Plan Benefits are payable pursuant to the March 26, 1992 beneficiary designation form, the sum of $13,334 would be payable to Gary Lane, as personal representative of the Estate of Bobby Lane, and an additional $66 would be payable to Kathleen Langford.

35. As mere stakeholder, MetLife makes no claim to the remaining Plan Benefits other than the payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this Court determine to whom the remaining Plan Benefits should be paid.

36. MetLife is ready, willing and able to pay the remaining Plan Benefits, in accordance with the terms of the Plan, in such amounts and to which ever Defendants the Court shall designate.

37. MetLife will deposit into the Registry of the Court the remaining Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests that the Court:

(i) Restrain and enjoin the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, Alcatel-Lucent, or the Plan for recovery of the Remaining Plan Benefits plus any applicable interest by reason of the death of the Decedent;

(ii) Require that Defendants litigate or settle and adjust between themselves their claim for the remaining Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the remaining Plan Benefits, plus any applicable interest should be paid;

8

(iii)    Permit MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest, and upon such payment dismiss MetLife with prejudice from this action and discharge MetLife, Alcatel-Lucent and the Plan from any further liability upon payment into the Registry of this Court, or as otherwise directed by this Court;

(iv)    Award such other further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By:  /s/ Ann E. Buckley
Ann E. Buckley        #26970
1139 Olive Street, Suite 800
St. Louis, MO 63101
Telephone:  314-621-3434
Facsimile:  314-621-3485
abuckley@buckleylawllc.com
Attorney for Plaintiff
Metropolitan Life Insurance Company

9